**In re Lee F. HOLDMANN, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 00–BG–1214.**

District of Columbia Court of Appeals.

Argued Oct. 23, 2003.

Decided Nov. 6, 2003.

---

Albert D. Brault, Washington, DC, with whom Joan F. Brault was on the brief, for respondent.

Catherine L. Kello, Assistant Bar Counsel, with whom Joyce E. Peters, Bar Counsel, was on the brief, for the Office of Bar Counsel.

Before TERRY, SCHWELB, and GLICKMAN, Associate Judges.

SCHWELB, Associate Judge:

On November 7, 2002, the Board on Professional Responsibility (BPR or Board) recommended that this court impose reciprocal discipline against Lee F. Holdmann, Esquire, a member of our Bar. Holdmann opposes the recommendation, contending that the discipline suggested by the Board—public censure—differs inappropriately from the sanction imposed by the Maryland Court of Appeals. Because Holdmann has waived any objection to the Board's recommendation by failing to present any challenge to the Board, we follow that recommendation and publicly censure Holdmann.

I.

On July 27, 2000, in an order which was issued by consent, the Maryland Court of Appeals issued a reprimand to Holdmann. In the negotiated settlement that led to the Maryland discipline, Holdmann admitted, with respect to two of five charges brought against him by Maryland's Attorney Grievance Commission, that he had violated three Maryland Rules of Profes-

sional Conduct by not promptly complying with reasonable requests for information from his clients and by not diligently pursuing the clients' legal matters.[1] The remaining allegations against Holdmann were dismissed. As a part of the negotiated discipline, Holdmann was required to pay costs of $8,252.86. Further, the order, while otherwise public, was not to be published in the Maryland Reporter or in the Atlantic Reporter, Second Series.

On September 18, 2000, Bar Counsel submitted to this court a certified copy of the order of the Maryland Court of Appeals. Three days later, this court referred the matter to the BPR for its recommendation, *inter alia*, as to whether a sanction identical to Maryland's, or a greater or lesser sanction, should be imposed as reciprocal discipline. The court's order also stated:

ORDERED that Bar Counsel inform the Board on Professional Responsibility of h[er] position regarding reciprocal discipline within 30 days of the date of this order. Thereafter, respondent shall show cause before the Board on Professional Responsibility, if cause there be, within 10 days why identical, greater o[r] lesser discipline should not be imposed in the District of Columbia.

On October 2, 2000, Bar Counsel submitted her Statement to the Board and recommended that Holdmann be publicly censured as reciprocal discipline. Although, as noted above, Holdmann had been advised by the court both that he had the right to respond to Bar Counsel's Statement and that the Board could recommend a greater (or lesser) sanction than that imposed in Maryland, he did not respond to the order to show cause, nor did he participate in any way in the proceedings

---

1. Holdmann did not admit any of the specific underlying facts, but acknowledged that he had violated the three Rules of Professional Conduct.

before the Board. On November 7, 2002, the Board, in a unanimous nine-page Report, recommended (in conformity with the views of Bar Counsel) that Holdmann be publicly censured. The Board did not recommend that Holdmann be required to pay costs. Holdmann then excepted to the Board's recommendation, and the case is now before us.

## II.

In this court, Holdmann argues for the first time that public censure should not be imposed as reciprocal discipline on the basis of his consent to what he characterizes as a *private* reprimand in Maryland,[2] especially since Holdmann did not admit the specific facts underlying the conceded Maryland violations. We take no position on the merits of his argument, however, because he has waived the issue by not presenting it to the Board.

"[D]isbarment, suspension, or censure of an attorney can be made effective only upon an order of this court." *In re Dwyer,* 399 A.2d 1, 11 (D.C.1979). "In the final analysis, the responsibility to discipline lawyers is the court's. The buck stops here." *In re Shillaire,* 549 A.2d 336, 342 (D.C.1988). Nevertheless, "[w]e have consistently held that an attorney who fails to present a point to the Board waives that

point and cannot be heard to raise it for the first time here." *In re Abrams,* 689 A.2d 6, 9 (D.C.), *cert. denied,* 521 U.S. 1121, 117 S.Ct. 2515, 138 L.Ed.2d 1017 (1997) (quoting *In re Ray,* 675 A.2d 1381, 1386 (D.C.1996)) (internal quotation marks omitted); *accord, In re Williams,* 464 A.2d 115, 118 (D.C.1983) (per curiam) ("[s]ince the lack of verification is not a jurisdictional defect, respondent has waived [it] by failing to object [before the Board];" *In re James,* 452 A.2d 163, 168–69 (D.C.1982), *cert. denied,* 460 U.S. 1038, 103 S.Ct. 1429, 75 L.Ed.2d 789 (1983) (holding that lack of notice is waived when it is not raised before the Board and Hearing Committee, and collecting analogous authorities). We have also specifically held that an attorney waives the right to contest the imposition of reciprocal discipline when he or she does not oppose the proposed discipline before the Board or fails to respond to the court's show cause order. *See, e.g., In re Harper,* 785 A.2d 311, 316 (D.C.2001) ("[t]reating an opposition filed for the first time in this court as equivalent to a timely response to the show cause order thwarts the operation of a disciplinary system that depends heavily on the Board's expertise in making recommendations"); *In re Berger,* 737 A.2d 1033, 1044–45 (D.C.1999); *In re Spann,* 711 A.2d 1262, 1265 (D.C.1998).[3] In *In re Goldsborough,* 654 A.2d 1285,

---

**2.** Holdmann's description of the agreed upon reprimand as "private" is considerably overstated, since the agreement provides only that the disciplinary proceeding against him shall not be reported in the Maryland Reporter or in the Atlantic Second Reporter. In fact, the Maryland Attorney Grievance Commission's Disciplinary Summaries for FY 2001, which can be found on the Commission's website, state: "Lee F. Holdman [sic]—Publicly reprimanded by consent for lack of diligence, neglect, and failure to communicate with his client."

**3.** We stated in *In re Spann* that where the attorney does not object to the imposition of identical reciprocal discipline, such discipline

should be imposed if there has been no "obvious miscarriage of justice." 711 A.2d at 1265. Although the standard may be marginally less exacting where, as here, the recommended reciprocal discipline is not identical to the sanction imposed in Maryland—the Board's proposal is harsher, in that it is more public, but more lenient, in that no requirement that Holdmann pay money is recommended—Holdmann was still required to demonstrate the disciplinary counterpart of "plain error." *Cf. In re James,* 452 A.2d at 169 & n. 4. We conclude that Holdmann has not satisfied the elements of that demanding doctrine, namely, a "plainly" or "obviously" erroneous ruling and a serious miscarriage of

1287 (D.C.1995), we explained that the court had

> issued an order requiring Goldsborough to show cause, if any there be, why reciprocal discipline should not be imposed. By failing even to respond to that order, Goldsborough has effectively defaulted on the issue whether such cause exists.

The same is true in this case. Although the final decision is necessarily ours, regardless of whether a respondent has preserved an issue, we find no reason in this record to relieve Holdmann of his waiver.

### III.

For the foregoing reasons, Lee F. Holdmann is hereby publicly censured.

*So ordered.*[4]

justice. *United States v. Olano,* 507 U.S. 725, 732–37, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993); *Baxter v. United States,* 640 A.2d 714, 717 (D.C.1994).

4. Holdmann's reliance on *In re Maxwell,* 798 A.2d 525 (D.C.2002) is misplaced. *Maxwell* did not present the issue of waiver, which is the only question that we decide. *Maxwell* may arguably be relevant to the merits, but we do not address the merits.