**In re Charles M. JAMES, III, Respondent.**

A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 436913).

No. 05–BG–314.

District of Columbia Court of Appeals.

Submitted Nov. 3, 2006.

Decided Nov. 22, 2006.

Before KRAMER and FISHER, Associate Judges, and SCHWELB, Senior Judge.

PER CURIAM:

■ In this reciprocal disciplinary proceeding, the Board on Professional Responsibility has recommended that Charles M. James, III, a member of our Bar, be disbarred. The Board's recommendation is based upon James' disbarment on March 16, 2005, by the Court of Appeals of Maryland for a number of violations of Maryland's Rules of Professional Conduct, including, *inter alia*, intentional misappropriation. Intentional misappropriation warrants disbarment in the District of Columbia. *In re Addams*, 579 A.2d 190 (D.C. 1990) (en banc).

■ James did not participate in the proceedings before the Board, and presented no evidence to rebut the presumption in favor of imposing identical reciprocal discipline. *See* D.C. Bar R. XI, § 11(f)(2). There was no evidence before the Board, and, indeed, no claim, that the imposition of identical reciprocal discipline would result in an "obvious miscarriage of justice." *In re Childress*, 811 A.2d 805, 807 (D.C.2002).

On March 22, 2006, James filed exceptions in this court to the Board's Report. He contended that his misappropriation was negligent rather than intentional. He also invited our attention to a Joint Petition by the Attorney Grievance Commission of Maryland and by James requesting that he be suspended from practice by consent for a period of ninety days, a far less severe sanction than disbarment.

James has failed, however, to file a brief, as required by several orders of this

court.[1] As a result of James' noncompliance, we ordered on June 12, 2006, that this matter be scheduled "on the report and recommendation of the Board on Professional Responsibility only." In light of the deferential standard of review when a recommendation for reciprocal discipline, as here, is effectively unopposed, *see In re Goldsborough*, 654 A.2d 1285, 1288 (D.C. 1995), we conclude that James must be disbarred.

Moreover, even if we were to consider the claims made by James in his exceptions, "[w]e have consistently held that an attorney who fails to present a point to the Board waives that point and cannot be heard to raise it for the first time here." *In re Abrams*, 689 A.2d 6, 10 (D.C.) (en banc), *cert. denied*, 521 U.S. 1121, 117 S.Ct. 2515, 138 L.Ed.2d 1017 (1997) (citation and internal quotation marks omitted). "We have also specifically held that an attorney waives the right to contest the imposition of reciprocal discipline when he or she does not oppose the proposed discipline before the Board or fails to respond to the court's show cause order." *In re Holdmann*, 834 A.2d 887, 889 (D.C.2003) (citation omitted). "Treating an opposition filed for the first time in this court as equivalent to a timely response to the show cause order thwarts the operation of a disciplinary system that depends heavily on the Board's expertise

in making recommendations." *In re Harper*, 785 A.2d 311, 316 (D.C.2001); *Holdmann*, 834 A.2d at 889 (quoting *Harper*). Under these circumstances, and especially in light of James' failure to file a brief and his disregard of the court's briefing order, "we find no [sufficient] reason in this record to relieve [James] of his waiver." *Holdmann*, 834 A.2d at 890.

For the foregoing reasons, Charles M. James, III is disbarred in the District of Columbia.

*So ordered.*[2]

---

1. On March 28, 2006, this court entered a clerk's order directing James to file a brief in support of his exceptions within forty days from the date of the order. James failed to do so. On May 17, 2006, the court entered a second clerk's order directing James to file his brief within fifteen days, and warning James that failure to do so may result in the scheduling of the matter on the basis of the Board's report alone. James again failed to comply. Finally, on June 12, 2006, the court entered a third clerk's order directing that in light of James' noncompliance, "this matter be scheduled on the Summary Calendar be-

fore a merits division as soon as the calendar permits, on the report and recommendation of the Board on Professional Responsibility only."

2. James has previously been advised of the responsibilities of disbarred and suspended attorneys pursuant to D.C. Bar R. XI, § 14(g). Although James' initial filing pursuant to § 14(a) was untimely and deficient, the record does not reflect any objection by Bar Counsel to James' most recent amended filing.