*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 15-BG-894

IN RE H. FRANKLIN GREEN, RESPONDENT.

FILED 4/21/16
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

A Suspended Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 475343)

On Report and Recommendation
of the Board on Professional Responsibility
(BDN-102-11, *et al.*)

(Submitted April 5, 2016                          Decided April 21, 2016)

*H. Franklin Green* filed a brief, pro se. *William R. Martin* entered an appearance after the brief was filed.

*Wallace E. Shipp, Jr.*, Disciplinary Counsel, *Jennifer P. Lyman*, Senior Assistant Disciplinary Counsel, and *Hamilton P. Fox, III*, Assistant Disciplinary Counsel, for the Office of Disciplinary Counsel.

Before GLICKMAN, FISHER, and EASTERLY, *Associate Judges*.

PER CURIAM: Respondent H. Franklin Green challenges the Report and

Recommendation of the Board on Professional Responsibility[1] in which the Board,

---

[1] Although entitled "Respondent's Reply Brief to BPR's RPT," Mr. Green's sole brief to this court mentions the Board's report only on the second page of his 55-page pleading; for the most part Mr. Green's brief seems to repeat the arguments he made before the Ad Hoc Hearing Committee.

consistent with the Report and Recommendation of the Ad Hoc Hearing Committee, determined that Mr. Green had violated D.C. R. Prof. Conduct 1.15 (a) (intentional or reckless misappropriation and commingling of funds); 1.15 (c) (failure to deliver funds); 8.4 (b) (commission of a criminal act reflecting adversely on honesty, trustworthiness or fitness); 8.4 (c) (dishonesty, fraud, deceit or misrepresentation); and 8.4 (d) (serious interference with the administration of justice). The Board recommended disbarment as a sanction for Mr. Green's misconduct. We conclude that Mr. Green has forfeited his substantive exceptions to the Board's assessment of his misconduct and that his procedural attack on his disciplinary proceeding has no merit. Accordingly, we have no reason to question the Board's determination that Mr. Green committed multiple serious rule violations, and we agree with the Board that disbarment is the appropriate sanction.

Mr. Green argues to this court that he violated no Rules of Professional Conduct. But he failed to avail himself of the opportunity to make these arguments to the Board in the first instance. Indeed, even though the Board granted Mr. Green's motion for additional time to file exceptions to the Ad Hoc Hearing Committee's Report and Recommendation,[2] he ultimately failed to present any

---

[2] In this motion, beyond the timeliness argument discussed below, Mr. Green stated only that he rejected the Ad Hoc Hearing Committee's Report

(continued…)

arguments to the Board to persuade it that he had done no wrong. "We have consistently held that an attorney who fails to present a point to the Board waives that point and cannot be heard to raise it for the first time here." *In re Holdmann*, 834 A.2d 887, 889 (D.C. 2003) (quoting *In re Abrams*, 689 A.2d 6, 9 (D.C. 1997) (en banc)). Mr. Green's apparent acceptance before the Board of the determination that he had committed multiple rule violations precludes him from challenging, in this court, the Board's assessment of his misconduct.[3]

Mr. Green did make one procedural challenge before the Board to his disciplinary proceedings. In his motion to the Board for extra time to file exceptions, Mr. Green argued that his disciplinary case should be dismissed because the Ad Hoc Hearing Committee issued its report well outside of the 120-day timeframe envisioned by D.C. Bar R. XI, § 9 (a) ("Within 120 days after the

---

(…continued)
and Recommendation "in its totality" and vaguely asserted that the Report was "materially flawed and heavily biased in favor of OBC."

[3] Even were we to recognize a safety valve allowing a respondent who fails to make any arguments before the Board to challenge an obvious miscarriage of justice by the Board, *cf. In re Goffer*, 121 A.3d 1252, 1252 (D.C. 2015) (considering whether an "obvious miscarriage of justice would result from the imposition of identical discipline" after respondent had been disbarred in Alabama (quoting *In re Spann*, 711 A.2d 1262, 1265 (D.C. 1998))), such an exception would not justify review of Mr. Green's forfeited arguments. We discern no obvious miscarriage of justice here and, as noted above, Mr. Green barely engages with the Board's decision.

conclusion of its hearing, the Hearing Committee shall in every case submit to the Board a report . . . .").  The Board addressed and correctly rejected this argument. As we explained in *In re Morrell*, 684 A.2d 361 (D.C. 1996), the timetable in R. XI, § 9 (a) is "directory," not "mandatory," *id.* at 370; *see also In re Barber*, 128 A.3d 637, 642 (D.C. 2015) (per curiam) (applying *Morrell* to the 120-day timeframe in the current version of R. XI, § 9 (a)), and mere delay without a showing of substantial prejudice poses no impediment to disciplinary action, *see In re Fay*, 111 A.3d 1025, 1032 (D.C. 2015) (per curiam).  Mr. Green never identified any prejudice in his motion to the Board (nor has he done so in his brief to this court).  Thus the Board properly denied Mr. Green's motion to dismiss.

"In the final analysis, the responsibility to discipline lawyers is the court's. The buck stops here." *In re Holdmann*, 834 A.2d at 889 (quoting *In re Shillaire*, 549 A.2d 336, 342 (D.C. 1988)).  In light of the seriousness of Mr. Green's misconduct, we see no reason to diverge from the Board's recommendation that Mr. Green be disbarred and that, as a condition of reinstatement, he be ordered to make restitution to Hans Michel, Claude Lane, William McCrorey, and William West, in the amounts specified in the Board's Report.  *See* D.C. Bar R. XI, § 9 (h)(1) (directing that this court "adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for

comparable conduct or would otherwise be unwarranted"); *see In re Hewett*, 11 A.3d 279, 284-85 (D.C. 2011) (recognizing that disbarment is the presumptive sanction for R. 1.15 (a) violations absent extraordinary circumstances (citing *In re Addams*, 579 A.2d 190, 191 (D.C. 1990) (en banc))).

For the reasons set forth above, H. Franklin Green is disbarred from the practice of law in the District of Columbia. His reinstatement is conditioned on restitution to Hans Michel, Claude Lane, William McCrorey, and William West. For purposes of reinstatement, the period of disbarment shall run from the date on which Mr. Green files an affidavit in accordance with D.C. Bar R. XI, § 14 (g).

*So ordered.*