*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

No. 15-BG-1246

IN RE ELEANOR NACE, RESPONDENT.

A Suspended Member of the Bar of the
District of Columbia Court of Appeals
(Bar Registration No. 287391)

FILED  6/16/16
District of Columbia
Court of Appeals

*Julio Castillo*
Julio Castillo
Clerk of Court

On Report and Recommendation of the
Board on Professional Responsibility
(BDN 209-13)

(Submitted April 5, 2016                          Decided June 16, 2016)

Before BLACKBURNE-RIGSBY and MCLEESE, *Associate Judges*, and STEADMAN, *Senior Judge*.

PER CURIAM: Having agreed with a Hearing Committee's findings and conclusion that respondent, Eleanor Nace, violated District of Columbia Rules of Professional Conduct 1.1(a)-(b), 1.3(a)-(c), 1.4 (a), 1.15 (a) & (e), 1.16 (d), 8.1 (b), and 8.4 (d), the Board on Professional Responsibility ("the Board") recommends that respondent be disbarred from the practice of law in the District of Columbia. The Board agreed with the Committee's find that, among other forms of misconduct, respondent recklessly misappropriated her client's entrusted funds, conduct that in itself generally mandated disbarment under *In re Addams*, 579 A.2d

190 (D.C. 1990 (en banc).[1]

Neither respondent nor Disciplinary Counsel has filed an exception to the Board's recommendation. Thus, our normal deferential standard of review of a Board's recommendation becomes "even more deferential." *In re Viehe*, 762 A.2d 542, 543 (D.C. 2000); *see also In re Ponder*, 114 A.3d 1289 (D.C. 2015) (assuming "especially deferential" review).[2] On that basis, we have reviewed the record here and are satisfied that the recommended sanction should be imposed.

Accordingly, respondent Eleanor Nace, is hereby disbarred from the practice of law in the District of Columbia. For purposes of reinstatement, the disbarment

---

[1] The Board also agreed with the Committee's findings that respondent failed to provide diligent and competent representation to her client, intentionally failed to pursue the lawful objectives of her client, failed to keep her client reasonably informed, failed to surrender papers and property after termination of representation, failed to respond to disciplinary authority, and engaged in conduct that seriously interfered with the administration of justice.

[2] Indeed, respondent did not participate in the proceedings either before the Hearing Committee or before the Board. *See* D.C. Bar Rule XI, § 8 (f) ("Failure to answer and default"). Recently, in *In re Green,* No. 15-BG-894 (D.C. Apr. 21, 2016), we held that where an attorney has failed to make an argument before the Board, he has forfeited his right to raise that argument before us and that any safety valve would be limited to an obvious miscarriage of justice. If that be so where, as in *Green*, an attorney did file an exception with us, *a fortiori* the same standard would appear to apply where no exception was filed with us and the respondent defaulted at both levels of earlier proceedings. No miscarriage of justice is evident here.

shall run from the date on which she shall have filed the affidavit required by District of Columbia Bar Rule XI, § 14 (g). Furthermore, as recommended by the Board, reinstatement shall be conditioned on respondent's restitution to the Client's Security Trust Fund in the amount of $2050 (less any amounts earlier repaid) with interest at the legal rate. We direct respondent's attention to the responsibilities of disbarred attorneys set forth in District of Columbia Bar Rule XI, §§ 14 and 16.

*So ordered.*