*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 16-BG-385

IN RE BARBARA JUANITA HARGROVE, RESPONDENT.

FILED 3/9/17
District of Columbia
Court of Appeals

Julio Castillo
Clerk of Court

A Suspended Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 173419)

On Report and Recommendation
of the Board on Professional Responsibility
(15-BD-60)

(Submitted February 2, 2017)                    (Decided March 9, 2017)

*Barbara Juanita Hargrove*, pro se.

*Wallace E. Shipp, Jr.*, Disciplinary Counsel, *Jennifer P. Lyman*, Senior Assistant Disciplinary Counsel, and *Hamilton P. Fox, III*, Assistant Disciplinary Counsel, for the Office of Disciplinary Counsel.

Before BECKWITH and MCLEESE, *Associate Judges*, and PRYOR, *Senior Judge*.

PER CURIAM: Barbara Juanita Hargrove challenges the Report and Recommendation of the Board on Professional Responsibility, in which the Board determined that Ms. Hargrove violated the following Rules of Professional Conduct: Rule 1.1 (a) (failure to provide competent representation); Rule 1.1 (b) (failure to serve the client with commensurate skill and care); Rule 1.3 (c) (failure

to act with reasonable promptness); Rule 1.16 (d) (failure to surrender papers and property after termination of representation); and Rule 8.4 (d) (engaging in conduct that seriously interferes with the administration of justice). The Board recommended that Ms. Hargrove be suspended from the practice of law for sixty days, with a requirement to prove fitness to practice as a condition of her reinstatement. We conclude that Ms. Hargrove forfeited her ability to challenge the Board's Report and Recommendation in this court. We accept the Board's findings of fact as supported by substantial evidence and adopt the Board's recommended sanction.

Ms. Hargrove was appointed as personal representative of Emma O. Johnson's estate in 1996. During her time as personal representative, Ms. Hargrove failed to record and collect a judgment on behalf of the heirs, took multiple actions purporting to exercise ownership rights over Ms. Johnson's property when she did not have the legal authority to do so, failed to have the deed to the property transferred from the heirs' guardian to the Estate so that the property could be sold, and allowed the Estate's bank accounts to escheat to the state. Ms. Hargrove was removed as personal representative in 2009. After her removal, Ms. Hargrove refused to give the Estate's file to the successor personal

representative for over a year. As of February 2016, Ms. Hargrove had yet to pay a $6,480.84 judgment and an $18,300 award of attorney's fees to the Estate pursuant to court orders from December 2012 and January 2013.

In a three-page brief in this court, Ms. Hargrove contends that (1) the Board inappropriately entered a default judgment against her under D.C. Bar R. XI, § 8 (f), because Disciplinary Counsel did not provide clear and convincing evidence that she violated the Rules of Professional Conduct listed in the specification of charges; (2) she did not violate the Rules of Professional Conduct; and (3) there were procedural errors during the disciplinary process. Disciplinary Counsel responds that Ms. Hargrove is precluded from raising these contentions in this court and that in any event the contentions lack merit.

We agree with Disciplinary Counsel that Ms. Hargrove's contentions have been forfeited. Ms. Hargrove had numerous opportunities to challenge the allegations against her and to object to any procedural errors, but she failed to properly do so. First, Ms. Hargrove did not timely file an answer to the specification of charges. After missing earlier deadlines, Ms. Hargrove belatedly moved to late-file two answers, citing only the "press of business" as a reason for

her tardiness. Pursuant to D.C. Bar Rule XI, § 8 (f), the Hearing Committee entered an order of default, concluding that Ms. Hargrove had not demonstrated that her failure to timely file an answer was due to excusable neglect. The Hearing Committee therefore treated the allegations against Ms. Hargrove as admitted, subject to Disciplinary Counsel's obligation to provide clear and convincing evidence of the violations. Second, Ms. Hargrove did not appear either at a pre-hearing conference or at the hearing before the Hearing Committee. Third, after the Hearing Committee issued its Report and Recommendation, Ms. Hargrove had the opportunity to move to vacate the order of default, Board R. 7.8 (g), or to file notice of exceptions to the Hearing Committee's findings and recommendations, Board R. 13.3. She did neither. Ms. Hargrove thus "failed to avail [herself] of the opportunity to make [her] arguments to the Board in the first instance." *In re Green*, 136 A.3d 699, 699-70 (D.C. 2016) (per curiam). Finally, Ms. Hargrove has not presented any argument to this court as to why she should be allowed to challenge the Board's findings and recommendation despite her failure to raise her contentions before the Board, and Ms. Hargrove's brief in this court contains only conclusory statements denying the charges against her.

"We have consistently held that an attorney who fails to present a point to

the Board waives that point and cannot be heard to raise it for the first time here." *In re Green*, 136 A.3d at 700 (internal quotation marks omitted). We see no extraordinary circumstance that might justify considering Ms. Hargrove's forfeited contentions. We therefore accept the Board's factual findings as supported by substantial evidence. *See* D.C. Bar R. XI, § 9 (h)(1) ("[T]he Court shall accept the findings of fact made by the Board unless they are unsupported by substantial evidence of record . . . ."). Given Ms. Hargrove's misconduct in her representation of the Estate and her failure to meaningfully participate in these disciplinary proceedings, we also adopt the Board's recommended sanction. *See id.* ("[T]he Court . . . shall adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted.").

For the foregoing reasons, Barbara Juanita Hargrove is suspended from the practice of law in the District of Columbia for sixty days, with reinstatement conditioned on proof of fitness to practice law. For the purposes of reinstatement, the period of suspension will begin to run when Ms. Hargrove has filed an affidavit demonstrating full compliance with D.C. Bar R. XI, § 14 (g).

*So ordered.*