*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters.  Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

No. 23-BG-0349

IN RE RICHARD J. TAPPAN, RESPONDENT.

A Member of the Bar of the District of Columbia Court of Appeals
(Bar Registration No. 499813)

On Report and Recommendation of the Board on Professional
Responsibility Ad Hoc Hearing Committee
Approving Petition for Negotiated Discipline
(BDN: 22-ND-005; DDN: 2019-D130)

(Decided May 25, 2023)

Before BECKWITH, EASTERLY, and MCLEESE, *Associate Judges*.

PER CURIAM: This decision is non-precedential.  Please refer to D.C. Bar R. XI, § 12.1(d) regarding the appropriate citation of this opinion.

In this disciplinary matter, the Hearing Committee recommends approval of a petition for negotiated attorney discipline.  *See* D.C. Bar R. XI, § 12.1(c). Respondent Richard J. Tappan voluntarily acknowledged that, in connection with his appointment as guardian and conservator in a probate case, he failed to provide competent representation and to serve the client with commensurate skill and care;

failed to represent the client zealously and diligently and to act with reasonable promptness; charged unreasonable fees in his fee petitions to the probate court; failed to maintain complete records of entrusted funds; and engaged in conduct involving at least reckless dishonesty and that seriously interfered with the administration of justice. As a result, respondent admits that he violated D.C. R. Prof. Conduct 1.1(a)-(b), 1.3(a) & (c), 1.5(a), 1.15(a), and 8.4(c)-(d). The proposed discipline consists of a one-year suspension, stayed as to all but six months followed by one year of probation with conditions.

Having reviewed the Committee's recommendation in accordance with our procedures in uncontested disciplinary cases, *see* D.C. Bar R. XI, § 12.1(d), we agree that this case is appropriate for negotiated discipline and that "the agreed-upon sanction is 'justified,'" *In re Mensah*, 262 A.3d 1100, 1104 (D.C. 2021) (per curiam) (quoting D.C. Bar R. XI, § 12.1(c)(3)), given the sanctions we have previously imposed for similar sets of violations in contested cases. *See, e.g.*, *In re Bailey*, 283 A.3d 1199 (D.C. 2022); *In re Marks*, 252 A.3d 887 (D.C. 2021) (per curiam); *In re Hargrove*, 155 A.3d 375 (D.C. 2017) (per curiam); *In re Cole*, 967 A.2d 1264 (D.C. 2009); *In re Bernstein*, 774 A.2d 309 (D.C. 2001). Accordingly, it is

ORDERED that respondent Richard J. Tappan is hereby suspended from the practice of law in the District of Columbia for one year, stayed as to all but six months, followed by one year of probation with the following conditions:

(i)     Respondent must take three hours of preapproved continuing legal education courses related to the maintenance of trust accounts, recordkeeping, and/or safekeeping client property, and he must certify and provide documentary proof that he has met this requirement to Disciplinary Counsel within six months from the date of this opinion;

(ii)     Before resuming the practice of law, respondent must meet with Dan Mills, Manager of the Practice Management Advisory Service (PMAS) of the District of Columbia Bar, or a PMAS monitor, and execute a waiver allowing Mr. Mills or the monitor to communicate directly with Disciplinary Counsel regarding respondent's compliance.  Mr. Mills or the assigned monitor will conduct a full assessment of respondent's practices, including but not limited to reviewing his financial records, client files, engagement letters, and supervision and training of staff.  Mr. Mills or the assigned monitor shall take steps to ensure that respondent is aware of and has taken steps to comply with his obligations, including those under D.C. R. Prof. Conduct 1.15(a) such as

maintaining complete records relating to client funds, and that respondent complies with all the monitor's recommendations; and

(iii)   Respondent must be in full compliance with the PMAS monitor's requirements for a period of twelve consecutive months after the six-month suspension.  After the monitor determines that respondent has been in full compliance for twelve consecutive months, respondent must sign an acknowledgment that he has complied with the monitor's requirements and file the signed acknowledgement with Disciplinary Counsel.  This must be accomplished within one and a half years from the date of this opinion.

If respondent fails to comply with the above conditions, he will serve the remaining six months of the one-year suspension.  Additionally, we direct respondent's attention to D.C. Bar R. XI, § 14(g), which requires the filing of an affidavit with this court for purposes of reinstatement in accordance with D.C. Bar R. XI, § 16, and Board Prof. Resp. R. 9.

*So ordered.*