## In the Matter of Eliot Leslie LIEBERMAN, Respondent.

### A Member of the Bar of the District of Columbia Court of Appeals.

### No. 90–996.

District of Columbia Court of Appeals.

Submitted May 15, 1991.

Decided June 13, 1991.

Before STEADMAN and SCHWELB, Associate Judges, and REILLY, Senior Judge.

PER CURIAM:

After conceding that he could not successfully defend himself against charges of

misappropriating client funds, respondent consented to disbarment from the practice of law by the Court of Appeals of Maryland. Upon being notified of the outcome of the Maryland proceedings, this court suspended respondent and ordered him to show cause why identical discipline should not be imposed in this jurisdiction. Respondent, through counsel, stated that he was unable to show cause. Accordingly, the Board on Professional Responsibility recommends that this court disbar respondent.

Reciprocal discipline is mandatory unless an attorney demonstrates, by clear and convincing evidence, a procedural defect or a disciplinary disparity between the respective jurisdictions. D.C.Bar Rule XI, § 11(c). Respondent has declined to make such a showing and the Board asserts that there are no procedural or substantive infirmities that would preclude imposition of reciprocal discipline. In this jurisdiction, there is a presumption that misappropriation of client funds requires disbarment. *In re Addams,* 579 A.2d 190, 191 (D.C. 1990) (en banc). Accordingly, respondent is hereby disbarred from the practice of law and his name shall be stricken from the roll of attorneys authorized to practice before this court.

*So ordered.*

## APPENDIX

### DISTRICT OF COLUMBIA COURT OF APPEALS BOARD ON PROFESSIONAL RESPONSIBILITY

Bar Docket No. 315–89

In the Matter of ELIOT LESLIE LIEBERMAN, ESQUIRE RESPONDENT

### REPORT AND RECOMMENDATION OF THE BOARD ON PROFESSIONAL RESPONSIBILITY

This is a reciprocal disciplinary matter referred to the Board by an order of the Court of Appeals. In that Order, the Court suspended Respondent under Rule XI, Sec. 11(d) based on disciplinary proceedings in Maryland, and directed the Board to recommend whether reciprocal discipline should be imposed or whether *de novo* proceedings are appropriate in this matter. For the reasons presented below, the Board recommends the imposition of identical discipline, that is, disbarment, in the District of Columbia.

### I. THE MARYLAND DISCIPLINARY PROCEEDINGS

Respondent signed an affidavit Consent To Disbarment on June 28, 1990, at a time when he was under investigation by the Attorney Grievance Commission of Maryland. In the affidavit, respondent admits that the investigation involved the misappropriation of client trust funds in the amount of thirty-four thousand one hundred thirty dollars ($34,130.00) and that this misconduct would constitute violations of several Maryland disciplinary rule sections.[1] Respondent stated that he submitted his consent to disbarment freely and voluntarily. He also stated that the basis for his consent was

> ... because I know that if charges were predicated on the matters now under investigation by Bar Counsel, or if the proceedings were prosecuted, I could not successfully defend myself.

On July 2, 1990, Respondent's Consent To Disbarment was filed in the Court of Appeals of Maryland with a Recommendation of Bar Counsel that the consent be accepted. The Court of Appeals of Maryland disbarred Respondent by consent from the further practice of law in the State of

---

**1.** Respondent recited that misappropriation would constitute violations of Rule 8.4 which defines professional misconduct (8.4(a) [direct or indirect violation of Rules of Professional Conduct]; 8.4(b) [criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer]; 8.4(c) [conduct involving dishonesty, fraud, deceit or misrepresenta- tion]; and 8.4(d) [conduct prejudicial to the administration of justice] ) as well as Rule 1.15 of the Maryland Rules of Professional Conduct [separate trust accounts required for client property] and Article 10, Section 44 of the Annotated Code of Maryland [attorney escrow funds required].

Maryland.[2]

Under the rules of the Court of Appeals of Maryland, there is no specified period of time before the Respondent can apply for readmission to the bar, however, the practice of the court is not to allow readmission for at least five years.[3]

## II. DISTRICT OF COLUMBIA PROCEEDINGS

On July 19, 1990, the Executive Attorney for the Board sent Respondent copies of relevant rules of the Court and of the Board as well as a Bar Counsel's Statement which requested that the Board recommend reciprocal disbarment by consent. Subsequently, the District of Columbia Court of Appeals entered an order suspending Respondent from the practice of law in the District of Columbia in light of his disbarment by consent in Maryland and ordering Respondent to show cause before the Board why the identical discipline should not be imposed in the District of Columbia. In a letter to the Executive Attorney of the Board, dated August 8, 1990, Respondent, represented by counsel, stated that he

> ... is unable to show cause why discipline identical to that imposed by the Maryland Court of Appeals pursuant to its Order of July 3, 1990, upon consideration of a Consent To Disbarment, should not be imposed by the District of Columbia Court of Appeals.

2. See Order, *Attorney Grievance Commission of Maryland v. Eliot Leslie Lieberman,* 320 Md. 60, 575 A.2d 1248 (1990).

3. According to Maryland Bar Counsel Mel Hirschman, petitions for reinstatement are generally not accepted before 7–12 years. To his knowledge, five years was the earliest that a petition for readmission was accepted.

4. Section 11(c) provides in relevant part as follows:
 *Standards for Reciprocal Discipline.* Reciprocal discipline shall be imposed unless the attorney demonstrates, by clear and convincing evidence, that:

## III. DISCUSSION

Under the Court rules, reciprocal discipline is mandatory unless the respondent attorney demonstrates, by clear and convincing evidence, the existence of one or more of five specified factors.[4] If one or more of these defects or disparities exists in the other jurisdiction's disciplinary process, reciprocal discipline would be unjust. Where there is no such problem, reciprocal discipline is appropriate.

Respondent has affirmatively elected not to present any evidence to counter the imposition of reciprocal discipline in the District of Columbia. He participated in the present proceeding, with the assistance of counsel, by submission of a written response to Bar Counsel's Statement. In that response, he chose not to present any evidence in contradiction to the reciprocal imposition of disbarment by consent. It appears that Respondent chose not to avoid reciprocal discipline, but rather to facilitate it.

The record on which the Maryland discipline is predicated is admittedly scanty in terms of the factual basis of the misconduct. We do not know the circumstances under which the Respondent misappropriated the $34,130.00. Nonetheless, this is so by the chosen course of conduct of the Respondent who deliberately acted to terminate the Maryland disciplinary investigation in its initial stages. Similarly, Respondent chose not to provide this jurisdiction

(1) The procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistently with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the Court would result in grave injustice; or
(4) The *misconduct established warrants sub*stantially different discipline in the District of Columbia; or
(5) The misconduct elsewhere does not constitute misconduct in the District of Columbia.

with any further factual evidence regarding the misappropriation. The Board believes that Respondent's affidavit admission and letter to the Executive Attorney are a sufficient factual basis for a determination that misconduct has occurred.

Under section 11(f), the Court may make an independent examination of the record for procedural or substantive infirmities prior to imposition of identical discipline. The Board believes that there is no basis for a finding of procedural unfairness or infirmity of proof under these circumstances. Nor would imposition of identical discipline be unjust under District of Columbia law which also allows a lawyer to consent to disbarment.[5] Furthermore, misappropriation of client funds involves the same level of misconduct in both Maryland and the District of Columbia. In the District of Columbia, misappropriation of client funds can involve violations of several disciplinary rule provisions.[6] The Court has held in *In re Addams*, 579 A.2d 190 (D.C.1990) (en banc) that there is a presumption of disbarment upon a finding of misappropriation. There is no evidence in this matter to suggest that any lesser discipline is appropriate. Both Bar Counsel and the Board recommend that the discipline imposed be disbarment.

Accordingly, the Board recommends that the Court enter an order disbarring Respondent by consent from the practice of law in the District of Columbia.

BOARD ON PROFESSIONAL RESPONSIBILITY

By: /s/ KAREN CHRISTENSEN
Karen Christensen

Dated: January 31, 1991

All members of the Board concur in this Report except Mr. Williams and Mr. Carter, who did not participate.

5. Court Rule XI, Section 12 is essentially the same as Maryland Rule BV12 in terms of a required affidavit Consent to Disbarment. The sole distinction is that our section 12(a)(3) requires that the affidavit state an acknowledgment by the attorney "that the material facts upon which the allegations of misconduct are predicated are true." The Maryland rule does not contain a similar provision. Respondent's affidavit has been determined to be sufficient by the Maryland Court of Appeals. Since Respondent did not proceed in the District of Columbia under Section 12, choosing instead to allow the imposition of reciprocal discipline under Section 11, the Board does not view the absence in his Maryland affidavit of an acknowledgment of the veracity of the underlying facts to be of material significance in this matter.

6. For example, misappropriation can violate the following: Disciplinary Rule 9–103(A) requires that an attorney preserve the identity of funds and property of a client; Disciplinary Rule 1–102(A)(4) prohibits an attorney from engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation.