**In re Ivan V. WHITE, Jr., Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 90–1540.**

District of Columbia Court of Appeals.

Submitted March 2, 1992.
Decided March 20, 1992.

Before FERREN, WAGNER and KING, Associate Judges.

PER CURIAM:

This disciplinary matter is before the court on the recommendation of the Board on Professional Responsibility that respondent be disbarred pursuant to District of

---

Columbia Bar Rule XI, § 11 (reciprocal discipline), with a right to apply for reinstatement after five years. The factual and procedural history of this matter, including the details of respondent's consensual disbarment in New Jersey, are set forth in the Report and Recommendation of the Board on Professional Responsibility, which we incorporate by reference and attach hereto as an appendix.

Accordingly, respondent is hereby disbarred from the practice of law and his name shall be stricken from the roll of attorneys authorized to practice before this court. For the reasons stated in the Board's report, this disbarment is imposed *nunc pro tunc* from October 11, 1990, the date of respondent's disbarment in New Jersey.

*So ordered.*

### Appendix

### DISTRICT OF COLUMBIA COURT OF APPEALS

### BOARD ON PROFESSIONAL RESPONSIBILITY

In the Matter of: IVAN V. WHITE, JR., Respondent.

Bar Docket No. 455-90

### REPORT AND RECOMMENDATION

This case is before us as a reciprocal discipline matter. In October, 1990, Respondent Ivan V. White, Jr. was disbarred by consent by the Supreme Court of New Jersey. In response thereto, the District of Columbia Court of Appeals suspended Respondent under Rule XI, Section 11(d), and referred the matter to us for a determination of whether reciprocal discipline should be imposed. We recommend reciprocal disbarment.

### The Underlying New Jersey Discipline

The disciplinary proceedings in New Jersey arose from Respondent's representation of one Walter Brown. As alleged in

those proceedings, in 1981 Brown (then 88 years of age) became a widower, and his family hired Respondent to manage Brown's financial affairs. From 1981 to 1988, Respondent was alleged to have induced Brown to give him over $160,000, for what he falsely represented to be loans to Respondent, investments on Brown's behalf, and legal fees. Respondent was also alleged to have induced Brown to name Respondent as executor of his estate.

A disciplinary petition was filed against Respondent, charging him with violations of Rules of Professional Responsibility 8.4(c) (conduct involving fraud, dishonesty or misrepresentation); 1.8(a) (entering into a business relationship with a client without adequate disclosure and which is unfair); 1.5(a) (charging an unreasonable fee); and 1.4(b) (failure to keep a client informed of matters).[1]

Respondent answered the disciplinary complaint by denying the substantive allegations against him, but he later consented to disbarment. New Jersey's procedure for consensual disbarment is similar to ours, in that the lawyer is required to submit an affidavit acknowledging the truth of the charges against him. Respondent's New Jersey affidavit stated, *inter alia,* that he did not believe that he could "successfully defend [himself] against *some* of those charges." (Emphasis added) The affidavit made no specific mention, however, of the fraud or misappropriation charges. Under New Jersey law, Respondent may not reapply for admission to practice law there.

### Procedural History Before the Board

Bar Counsel initially addressed this case as a reciprocal discipline matter, but (after correspondence with Respondent) submitted to the Board Respondent's consent to disbarment. In an Order dated April 4, 1991, the Board rejected Respondent's request for disbarment by consent, because of deficiencies in the affidavit submitted

---

1. A criminal investigation was also commenced against Respondent, but no prosecution was ever initiated.

therewith.[2] Although it was not specifically stated in the Order, the Board rejected the affidavit because it referred only to Respondent's failure to keep adequate records and failure properly to advise his client of the opportunity to seek separate legal advice in connection with the transactions with Respondent. As in the New Jersey affidavit, no mention was made of the more serious fraud charges made against Respondent. The Board's Order gave Respondent an opportunity to submit a new affidavit which met the requirements of our rules.

Bar Counsel moved for reconsideration of our Order, contending that Respondent's affidavit was adequate and that disbarment by consent was preferable to a *de novo* proceeding, which would pose difficulties for Bar Counsel because the underlying activities occurred in the early 1980's, and key witnesses (if still alive) would be of very advanced age and located some distance from this jurisdiction. The Board's Order of August 8, 1991 denied this motion, and directed Bar Counsel to proceed further in this case under the reciprocal discipline rules.

Bar Counsel then filed a brief in support of reciprocal discipline, urging that the reciprocal discipline of disbarment be imposed on Respondent. Respondent did not object, but asked that any reciprocal discipline be imposed *nunc pro tunc* to the date of his New Jersey discipline, relying on his affidavit that he has not practiced law in the District of Columbia since 1972.

*Discussion*

Reciprocal discipline is appropriate in this case. None of the factors of Rule XI, Section 11(c) (save the one concerning how the foreign discipline compares to that which would be imposed here for similar misconduct) are evident from the record or have been proven by Respondent. Although the foreign discipline was imposed by consent, there is no reason why that should prevent the imposition of reciprocal discipline. *See In Re Lieberman,* 592 A.2d 1060 (D.C.1991) ( [D.C.App.] 1991).

We note, however, that the consensual disbarment procedure in New Jersey results in a permanent disbarment, a condition which attaches in this jurisdiction pursuant to statute (D.C.Code § 11–2503(a)) *only* upon conviction of a crime involving moral turpitude. Permanent disbarment would therefore be "outside the range" (*In Re Garner,* 475 [576] A.2d 1356 (D.C.1990)) of discipline imposed here for any form of misconduct not accompanied by a criminal conviction. Thus, under Court Rule XI, Section 11(g), we recommend disbarment as it is imposed under Rule XI (i.e., with a right to apply for reinstatement after five years). A similar result was imposed in *In Re Gilliam,* No. 87–816 (D.C.App., May 26, 1988).[3]

We also recommend that such disbarment be imposed *nunc pro tunc* to the date of Respondent's disbarment in New Jersey (October 11, 1990), since Respondent has submitted an affidavit stating that he has refrained from practicing law in the District of Columbia since at least that date and has otherwise satisfied us that *nunc pro tunc* treatment is appropriate. *See In Re Goldberg,* 460 A.2d 892 [982] (D.C.App. 1983) and Board Rule 8.5(b).

---

**2.** Under Bar Rule XI Sec. 12 and Board Rule 15.1, a consensual disbarment must be accompanied by the lawyer's affidavit stating, inter alia,

.    .    .    .    .

(2) That the attorney is aware that there is currently pending an investigation into, or a proceeding involving, allegations of misconduct, the nature of which shall be specifically set forth in the affidavit; [and]

(3) That the attorney acknowledges that the material facts upon which the allegations of misconduct are predicated are true; ...

**3.** In any such reinstatement proceeding, the Board should be mindful of the serious allegations of fraud and misappropriation made against Respondent in New Jersey, but never adjudicated because Respondent consented to disbarment. That these matters were not addressed in Respondent's affidavits in New Jersey and in the District of Columbia does not exclude them from consideration in a reinstatement proceeding. *See In Re Brown,* 88–1406, pending D.C.C.A.

Board on Professional Responsibility
/s/ Barry E. Cohen
By: Barry E. Cohen

October 25, 1991

All Members of the Board join in this Report and Recommendation except Mr. Williams, who did not participate.