**In re Louis B. YOUMANS, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 91–SP–664.**

District of Columbia Court of Appeals.

Submitted Dec. 16, 1992.

Decided Jan. 15, 1993.

---

1. The other crimes were theft of services, theft by failure to make required disposition of property, and unlawful possession of a weapon. The theft by deception charge was based on respondent's agreeing with another to deposit a known worthless check in respondent's bank account and then withdrawing funds against that deposit.

2. Respondent was temporarily suspended from the practice of law in the District of Columbia pending disposition of this proceeding, effective June 24, 1991, under D.C.Bar R. XI, § 11(d), and effective October 15, 1991, under D.C.Bar R. XI, § 10(c).

Before STEADMAN, SCHWELB and SULLIVAN, Associate Judges.

PER CURIAM:

In January, 1991, respondent pled guilty in New Jersey to four criminal offenses, including conspiracy to commit theft by deception,[1] and was subsequently disbarred by consent from the New Jersey Bar. Before us is a report and recommendation of the Board on Professional Responsibility that respondent be disbarred both on the basis of the imposition of reciprocal discipline under D.C.Bar R. XI, § 11, and of his conviction of a crime of moral turpitude under D.C.Code § 11–2503(a) (1989).[2] Respondent has not appeared at any stage of the proceedings to contest this action, and we see no reason to dispute the Board's analysis.[3]

The Board concluded that respondent's disbarment by consent based on his criminal convictions for serious offenses plainly supports reciprocal disbarment in this jurisdiction, *see In re White*, 605 A.2d 47 (D.C. 1992), and found that none of the factors under our Bar rule that might prevent imposition of reciprocal discipline appears to exist. The Board also found that at least respondent's conviction for theft by deception was a *per se* "offense involving moral turpitude" under D.C.Code § 11–2503(a).[4] It noted that larceny and theft are crimes involving moral turpitude, *see In re Boyd*, 593 A.2d 183, 184 (D.C.1991), and concluded that the felony statute under which respondent was convicted plainly falls within the category of theft/larceny offenses justify-

3. Respondent has been the subject of previous reciprocal discipline by this court. *See In re Youmans*, 588 A.2d 718 (D.C.1991).

4. Given the fact that respondent's disbarment may rest solely upon normal principles of reciprocal discipline as well as the failure of respondent to challenge the point, we accept for present purposes the Board's treatment of conspiracy as coincident with the underlying offense for purposes of moral turpitude.

ing a finding of moral turpitude *per se.* The Board noted further that New Jersey courts have described the offense covered by the theft by deception statute as one involving fraud, *State v. Rodgers,* 230 N.J.Super. 593, 554 A.2d 866, 870 (App. Div.) ("taking by fraudulent means"), *cert. denied,* 117 N.J. 54, 563 A.2d 821 (1989), which makes the offense one involving moral turpitude *per se* under *In re Bond,* 519 A.2d 165, 166 (D.C.1986). Accordingly, it is

ORDERED that respondent be disbarred from the practice of law in the District of Columbia, *nunc pro tunc* to June 24, 1991.[5]

5. This is the date of this court's temporary suspension of respondent based upon his disbarment in New Jersey. *See* note 2, *supra.* However, D.C.Bar R. XI, § 16(c), provides that eligibility for reinstatement after suspension or disbarment shall not begin until the period of suspension (or, for disbarment, a period of five years) has elapsed following the attorney's compliance with D.C.Bar R. XI, § 14.