**In re Douglas R. THOMAS, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 00–BG–231.**

District of Columbia Court of Appeals.

Submitted May 17, 2001.

Decided Oct. 4, 2001.

Before TERRY, GLICKMAN and WASHINGTON, Associate Judges.

PER CURIAM:

In this reciprocal discipline case, the District of Columbia Board of Professional Responsibility ("Board") recommends that respondent Douglas R. Thomas be disbarred based on his February 18, 2000 disbarment on consent by the Court of Appeals of Maryland. Thomas admitted to violating Maryland Rules of Professional Conduct 8.4(b), (c) and (d), and consented to disbarment.

Bar counsel reported the Maryland Court's order of disbarment to this court on March 3, 2000. On March 13, 2000, this court suspended Respondent pursuant to D.C. Bar R. XI, § 11(d) and ordered the Board to recommend whether identical, greater or lesser discipline should be imposed as reciprocal discipline or whether the Board elects to proceed *de novo.* The Board found the imposition of identical discipline of disbarment appropriate.

We are required to adopt the recommended disposition of the Board "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." D.C. Bar R. XI, § 9(g)(1). "The deferential standard mandated by this provision becomes even more deferential where, as here, the attorney [and Bar Counsel] ha[ve both] failed to contest the proposed sanction." *In re Dietz,* 675 A.2d 33, 34 (D.C. 1996) (quoting *In re Goldsborough,* 654 A.2d 1285, 1288 (D.C.1995)). Here, the Maryland procedure governing consent to disbarment parallels that of the District of Columbia, with the sole distinction of D.C. Bar R. XI, § 12(a)(3), which requires that the affidavit state an acknowledgment by the attorney "that the material facts upon which the allegations of misconduct are predicated are true." However, because Respondent's affidavit has been deter-

mined to be sufficient by the Maryland Court, and Respondent has not contested the imposition of reciprocal discipline, the absence in Maryland of an acknowledgment of the veracity of the underlying facts is not of material significance. *See In re Lieberman,* 592 A.2d 1060, 1063 n. 5 (D.C.1991)(per curiam). Therefore, given the limited scope of our review, we adopt the Board's recommendation. *See In re Bendet,* 719 A.2d 1243 (D.C.1998); *In re Goldsborough,* 654 A.2d 1285 (D.C.1995). Accordingly, it is

ORDERED that Douglas R. Thomas be, and hereby is, disbarred from practice in the District of Columbia with the right to apply for reinstatement after five years. The five year period shall not begin to run until Douglas R. Thomas has filed the affidavit required by D.C. Bar R. XI, § 14(g). We direct his attention to the provisions of D.C. Bar R. XI, §§ 14 and 16, which set forth certain rights and responsibilities of disbarred attorneys and the effect of failure to comply therewith.

*So ordered.*