**In re Chirayu A. PATEL, Respondent.**

A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 460469).

No. 06–BG–1187.

District of Columbia Court of Appeals.

May 17, 2007.

Before: FARRELL and GLICKMAN, Associate Judges, and TERRY, Senior Judge.

PER CURIAM:

In this disciplinary proceeding against respondent, Chirayu A. Patel,[1] the Board on Professional Responsibility ("Board") has recommended to this court that a reciprocal but non-identical discipline of a six-month suspension be imposed. No exceptions to the Board's Report and Recommendation have been filed.

On March 9, 2005, the Supreme Court of New Jersey reprimanded respondent for violations of New Jersey Rules 1.15(a) (negligent misappropriation of client trust funds) and 1.15(d) (failure to comply with record keeping requirements). Respondent stipulated to the facts, violations, and reprimand. On October 23, 2006, Bar Counsel filed a certified copy of the reprimand with this court. On November 27, 2006, this court issued an order directing: 1) Bar Counsel to inform the Board of his

---

1. Respondent was admitted to the D.C. Bar by motion on November 6, 1998, and has been inactive since his admission.

position regarding reciprocal discipline within thirty days, 2) respondent to show cause why identical, greater, or lesser discipline should not be imposed, and 3) the Board either to recommend discipline or proceed *de novo*. Bar Counsel recommended reciprocal but non-identical discipline of a six-month suspension. Respondent has not filed a statement nor has he participated in this proceeding.

In its Report and Recommendation, the Board found that the record supported the imposition of substantially different discipline of a six-month suspension. *See* D.C. Bar R. XI, § 11(f)(2). A two-step analysis applies to impose substantially different discipline. First, it is necessary to determine if the misconduct in question would not have resulted in the same punishment here as it did in the disciplining jurisdiction. Second, where the discipline imposed in this jurisdiction would be different from that of the disciplining court, it must be determined whether the difference is substantial. *See In re DeMaio*, 893 A.2d 583, 587 (D.C.2006) (citing *In re Garner*, 576 A.2d 1356, 1357 (D.C.1990)). The Board applied this test and explained that in this jurisdiction, the usual sanction for negligent misappropriation, even with related violations, is a six-month suspension. *See, e.g., In re Edwards*, 870 A.2d 90, 94 (D.C.2005); *In re Davenport*, 794 A.2d 602, 603 (D.C.2002); *In re Anderson*, 778 A.2d 330 (D.C.2001). Because the difference between a reprimand and a six-month suspension is substantial, the Board found that an exception to the imposition of identical reciprocal discipline exists and that substantially different discipline of a six-month suspension is instead warranted. *See In re Mahoney*, 602 A.2d 128, 130 (D.C.1992)

Neither Bar Counsel nor respondent has filed any exceptions to the Board's Report and Recommendation, and in such cases we give great deference to the Board's recommendation. *See* D.C. Bar R. XI, § 9(g)(2); *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997). Moreover, by failing to file any exceptions, respondent has effectively conceded that the proposed sanction is appropriate. *See In re Goldsborough*, 654 A.2d 1285, 1287–88 (D.C. 1995); D.C. Bar R. XI, § 11(f). As a six-month suspension is within the range of sanctions this court has imposed for similar misconduct, we hereby adopt the Board's recommendation. Accordingly, it is

ORDERED that Chirayu A. Patel is hereby suspended from the practice of law in the District of Columbia for a period of six months, effective immediately. For purposes of reinstatement, suspension is deemed to commence on the date respondent files an affidavit that fully complies with the requirements of D.C. Bar Rule XI, § 14(g).

*So ordered.*