*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

No. 19-BG-882

IN RE GLENN H. STEPHENS, III,
RESPONDENT.

A Suspended Member of the Bar
of the District of Columbia Court of Appeals
(Bar Registration No. 472780)

On Report and Recommendation of the
Board on Professional Responsibility
(Board Docket No. 17-BD-028)
(Disciplinary Docket Nos. 2015-D330,
2016-D081, 2016-D234, & 2016-D369)

(Submitted September 29, 2020                    Decided March 25, 2021)

Before GLICKMAN and DEAHL, *Associate Judges*, and RUIZ, *Senior Judge*.

Opinion for the court by *Associate Judge* GLICKMAN.

Concurring opinion by *Associate Judge* DEAHL at page 11.

Dissenting opinion by *Senior Judge* RUIZ at page 15.

GLICKMAN, *Associate Judge*: In the present matter, the Board on Professional

Responsibility recommends that respondent Glenn H. Stephens, III be disbarred on

consent.[1]  The recommendation is not unanimous; two Board members dissent because respondent refused to submit the affidavit normally required for a consent disbarment by D.C. Bar R. XI, § 12(a).  However, choosing not to participate in any way in the disciplinary proceedings against him, respondent explicitly and emphatically asked to be disbarred and declined to retract that request when the Board afforded him the chance to do so.  Moreover, neither respondent nor Disciplinary Counsel takes exception to the Board majority's recommendation.  Under these circumstances, and for the reasons that follow, we accept that recommendation and disbar respondent on consent.

Respondent was personally served with the specification of charges in this matter in April 2017.  The charges arose out of respondent's representation of himself and various clients in litigation and related proceedings.  Respondent did not file an answer to the charges or any other pre-hearing documents.  Instead, on March 1, 2018 (the deadline for exchanging proposed hearing exhibits), respondent sent an

---

[1]  For his failure to cooperate with a disciplinary investigation in another, still-pending matter, this court suspended respondent in November 2018 pursuant to D.C. Bar R. XI, § 3(c).  *In re Stephens*, D.C. App. No. 18-BS-966.

email to Disciplinary Counsel with the subject line "Maybe I wasn't clear . . ."[2]; it read as follows (emphasis in the original):

> Please don't kill trees, waste taxpayer resources and ODC personnel on me. ODC has no credibility or legitimacy to me. Or the drivel you generate. You are simply dishonest lawyers who do nothing to regulate dishonest lawyers. And racists to boot. Rather than wasting time, money, and paper on your sophistries, *please disbar me.* Disbarment by ODC would be an honor. To date, aside from competing in the triathlon world championships, my greatest honors are my PhD from UCLA and my law degree from Boalt. But a disbarment letter from ODC will be framed and go up right alongside those diplomas. Please do me the honor of disbarring me. I will be so very very proud. Glenn

Disciplinary Counsel presented its evidence to an Ad Hoc Hearing Committee at a hearing that lasted four days.[3] Respondent did not participate in the hearing, either personally or through counsel, and he did not file a post-hearing brief. In a 252-page report, the Hearing Committee found that respondent had engaged in a pattern of unethical advocacy and abuse of the judicial system. It concluded that respondent had violated Rules of Professional Conduct 3.1 (frivolous claims) in four

---

[2] Respondent previously had sent emails accusing Disciplinary Counsel of racial discrimination and other improprieties, and calling on Disciplinary Counsel to drop the charges against him.

[3] Disciplinary Counsel does not have the authority to unilaterally disbar an attorney. *See* D.C. Bar. R. XI, § 6(a).

matters, 3.2(a) (expediting litigation) in one matter, 3.4(c) (violating the rules of a tribunal) in one matter, 4.2 (communicating with a represented person) in one matter, 4.4(a) (embarrassing/burdening third parties) in four matters, 8.4(d) (serious interference with the administration of justice) in three matters, and 8.4(g) (misuse of criminal/disciplinary charges) in two matters. The Committee recommended that respondent be suspended for three years with reinstatement conditioned on a showing of fitness. Disciplinary Counsel took exception to that recommendation, arguing that respondent should be disbarred. Respondent himself took no exception to the Committee's report and did not oppose Disciplinary Counsel's call for his disbarment.

Disciplinary Counsel apprised the Board of respondent's email request to be disbarred. The Board then issued a show cause order to respondent. The order explained that while respondent had not satisfied the affidavit requirement for consent disbarment in Bar Rule XI, § 12(a),[4] his email, coupled with his failure to

---

[4] Section 12(a) provides:

> An attorney who is the subject of an investigation or a pending proceeding based on allegations of misconduct may consent to disbarment, but only by delivering to Disciplinary Counsel an affidavit declaring the attorney's consent to disbarment and stating:

participate in the disciplinary proceedings in any way, "clearly" indicated to the Board that respondent "wants to be disbarred." Moreover, the Board noted, "nothing in the record" suggested that respondent's disbarment request "was unknowingly or improvidently made, or that he has thought better of it and would like to remain a member of the Bar."[5] Stating that it saw "no point" in spending substantial resources on a case "where both [r]espondent and Disciplinary Counsel want the same thing[, namely r]espondent's disbarment," the Board ordered respondent to "show cause

---

**(1)** That the consent is freely and voluntarily rendered, that the attorney is not being subjected to coercion or duress, and that the attorney is fully aware of the implication of consenting to disbarment;

**(2)** That the attorney is aware that there is currently pending an investigation into, or a proceeding involving, allegations of misconduct, the nature of which shall be specifically set forth in the affidavit;

**(3)** That the attorney acknowledges that the material facts upon which the allegations of misconduct are predicated are true; and

**(4)** That the attorney submits the consent because the attorney knows that if disciplinary proceedings based on the alleged misconduct were brought, the attorney could not successfully defend against them.

[5] The Board pointed out that the disciplinary charges against respondent had been pending for eleven months before he requested to be disbarred, and that respondent had not repudiated his request, even though Disciplinary Counsel had used it to support its arguments before the Hearing Committee and the Board in support of disbarment.

why the Board should not recommend to the Court of Appeals that [r]espondent be disbarred forthwith, based on his consent to be disbarred, without further consideration of the proceedings against him."[6]

Respondent did not respond to the order to show cause. Instead, he sent a mailing to the Office of Disciplinary Counsel, in which he enclosed pictures of Flavor Flav (from the hip-hop group Public Enemy) with the words "ODC IS A JOKE" written at the top, and reasserted that ODC attorneys were unethical and racist.

It is with the case in this posture that the Board recommends we disbar respondent on consent. Respondent has not objected to that disposition of his case. Disciplinary Counsel also takes no exception to it and "agrees with the Board that the disciplinary system should not have to expend substantial resources where, as here, the respondent-lawyer has thumbed his nose at the system" and has not denied

---

[6] "[W]e must consider," the Board explained, "that time spent by the Board and the Court reviewing the particulars of Respondent's case will necessarily delay the resolution of other disciplinary matters. We see no point to further diverting the disciplinary system's limited resources away from cases involving respondents who desire to retain their privilege to practice law in the District of Columbia, or from the public that awaits a resolution of contested proceedings."

the misconduct found by the Hearing Committee or objected to the proposed sanction.[7]

D.C. Bar R. XI, § 9(h)(2) provides, in pertinent part, that "if no exceptions are filed to the Board's report, the Court will enter an order imposing the discipline recommended by the Board." This rule is not absolute—we would not impose discipline that is clearly against the law or the public interest, for example, merely because no party took exception to it[8]—but we see no reason not to adhere to it here.

---

[7] Disciplinary Counsel also contends that cases like this one demonstrate a need to amend the disciplinary rules, stating as follows:

> Where a respondent-lawyer does not file an answer or participate in the proceedings, Disciplinary Counsel is still required to establish the misconduct by clear and convincing evidence in the form of documentary evidence, sworn affidavits, and/or sworn testimony. *See* D.C. Bar R. XI, § 8(f); Board Rules 7.8. (Footnote omitted.) The Court should revise its rules. Disciplinary Counsel, the victims of a respondent's misconduct, and other witnesses, should not have to expend substantial time and resources to prove misconduct that the respondent has not denied. Similarly, a hearing committee should not have to hold a hearing, receive testimony and documentary evidence, and issue a report setting out in some detail the misconduct that the respondent has not denied. But, that is what happened here, what has happened in numerous other cases, and will happen in future cases unless the rules are changed.

[8] *See In re Robertson*, 612 A.2d 1236, 1242 (D.C. 1992) ("[W]e cannot adopt a [sanction] recommendation . . . if it goes beyond the scope of what our rules allow

Respondent has waived any procedural objection to the Board's determination that he effectively consented to his disbarment notwithstanding the lack of the affidavit required by Bar Rule XI, § 12(a). "We have consistently held that an attorney who fails to present a point to the Board waives that point and cannot be heard to raise it for the first time here."[9] Thus, our cases say that "a respondent attorney who claims lack of notice of the charges or other procedural irregularities, without having raised them before the Hearing Committee or the Board, will be held to have waived such claims, consistent with due process."[10] And "by failing to file any exceptions, respondent [also] has effectively conceded that the proposed sanction is

---

simply because the respondent attorney has not effectively contested the recommendation.").

[9] *In re Green*, 136 A.3d 699, 700 (D.C. 2016) (quoting *In re Holdmann*, 834 A.2d 887, 889 (D.C. 2003) (quoting *In re Abrams*, 689 A.2d 6, 9 (D.C. 1997) (en banc))).

[10] *In re Robertson*, 612 A.2d at 1242 (citations omitted).

appropriate."[11] That sanction, disbarment, is not incommensurate with the gravity of respondent's proven misconduct.[12]

This is an atypical case. In the usual case of disbarment by consent, the attorney's affidavit is required because it serves two purposes: (1) it provides assurance that the attorney's consent is knowing and voluntary, and (2) the admissions required in the affidavit are a substitute for a full-blown adjudication and relieve Disciplinary Counsel of the burden of proving the attorney's disciplinary violations on a full evidentiary record. Neither of those reasons is important in the unusual circumstances of this case. Respondent's words and actions dispel any concern that his request to be disbarred and failure to file exceptions were unknowing, improvident, or coerced. Among other things, respondent had the specification of charges and Disciplinary Counsel's hearing exhibits, and the show

---

[11] *In re Patel*, 926 A.2d 124, 125 (D.C. 2007) (citations omitted); *see also, e.g.*, *In re Reiner*, 617 A.2d 984, 985 (D.C. 1992) ("A member of the Bar who is the subject of a pending disciplinary proceeding may acquiesce in a disbarment by consent, D.C. Bar R. XI, § 12, and we see no reason why an attorney who does not file any exceptions or opposition to a disciplinary recommendation by the Board should not, as a general rule, likewise be considered as having acquiesced in effect to the proposed sanction." (citation omitted)).

[12] *See In re Shieh*, 738 A.2d 814, 818–19 (D.C. 1999); *see also* D.C. Bar R. XI, § 9(h)(1) (providing that this court generally "shall adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted").

cause order provided him the opportunity to reconsider his request.  And since a full evidentiary hearing was held, at which Disciplinary Counsel presented its evidence, and the Hearing Committee issued a lengthy and comprehensive decision with findings by clear and convincing evidence, respondent's admissions in an affidavit were unnecessary.[13]

Accordingly, it is ORDERED that Glenn H. Stephens, III, be, and hereby is, disbarred by consent from the practice of law in the District of Columbia.  Inasmuch as respondent's right to practice law in the District has been and remains suspended in another matter, this order of disbarment is effective immediately.  For purposes of reinstatement, however, the period of respondent's disbarment shall not begin to run until such time as he files an affidavit in compliance with D.C. Bar R. XI, § 14(g).  *See* D.C. Bar R. XI, § 16(c).

*So ordered.*

---

[13] *Cf.* D.C. Bar R. XI, § 8(f) (providing that where a respondent lawyer fails to answer the petition or participate in the disciplinary proceedings, the Hearing Committee Chairperson "may enter an order of default *and the petition shall be deemed admitted* subject to ex parte proof by Disciplinary Counsel sufficient to prove the allegations, by clear and convincing evidence, based upon documentary evidence, sworn affidavits, and/or testimony").

DEAHL, *Associate Judge*, concurring: We are bound by D.C. Bar Rule XI § 9(h)(2) to disbar respondent. That is the Board on Professional Responsibility's recommended discipline and respondent takes no exception to it. Section 9(h)(2) contains a straightforward command under these circumstances: "[I]f no exceptions are filed to the Board's report, the Court will enter an order imposing the discipline recommended by the Board." That command, promulgated by order of this court under D.C. Code § 11-2501(a) (2012 Repl.), disposes of this case. I would not delve into the propriety of the Board's recommended sanction because—proper or not—respondent takes no exception to it and that ought to end the matter.

My colleagues go further because they think we cannot impose a sanction that is "clearly against the law or the public interest," prompting each of them to examine (and ultimately disagree about) whether the Bar's recommended sanction is plainly at odds with D.C. Bar Rule XI § 12. That endeavor, in my view, is beside the point. It is never contrary to the Bar Rules for us to impose a recommended sanction that is unobjected to because § 9(h)(2) directs us to do just that, without exception. It is effectively an override switch so that even if the Board runs roughshod over the Bar Rules in reaching its recommendation, the onus is on the respondent to object to that; when he fails to do so, we comply with the Bar Rules by imposing the recommended sanction.

To be sure, we cannot mete out a punishment that violates some statutory or constitutional command. We could not order a respondent stretched on the rack, or broken on the Catherine wheel, merely because the Board recommended it and respondent did not object. That would violate both the Eighth Amendment and it would exceed the statutorily authorized sanctions permitted in bar proceedings—namely, disbarment, suspension, or censure. D.C. Code § 11-2502 (2012 Repl.).[1] But for the Board's recommended sanction to be clearly against the law or the public interest, it must be in violation of some law external to the Bar Rules themselves. By virtue of the Board recommending a sanction and a respondent not objecting to it, that sanction perforce becomes compliant with the Bar Rules under § 9(h)(2). So long as the Board's unobjected-to recommended sanction remains within statutory and constitutional bounds, I think we must impose it.

The lone authority my colleagues offer to the contrary is *In re Robertson*, 612 A.2d 1236, 1242 (D.C. 1992), a case where we declined to impose an unobjected-to sanction because we found it non-compliant with the Bar Rules themselves (more specifically, what those rules mean by "restitution"). But that case predates

---

[1] To those three sanctions provided by statute the Bar Rules permit several lesser professional sanctions—"Reprimand," "Informal admonition," "Revocation or suspension of a license to practice as a Special Legal Consultant"—all fairly subsumed in the greater sanctions permitted by statute. D.C. Bar Rule XI § 3(a).

§ 9(h)(2), which was promulgated in 1994—in the wake of and perhaps in response to *Robertson*—and effective the following year. Section 9(h)(2)'s addition to the rules effectively codified the dissenting view from *Robertson* that it "is not our function to overlook the acquiescence of the parties and to probe the theoretical merits of an issue which is not being contested before us," 612 A.2d at 1247 (Schwelb, J.), so that unobjected-to sanctions are now necessarily compliant with the Bar Rules. So far as I can tell we have never refused to impose an unobjected-to sanction in the twenty-six-plus years since that amendment, and I do not think a mere deviation from some other Bar Rule(s) would ever justify us doing so.

To the dissent's view that the Board proceedings "strayed so far from fundamental safeguards of the disciplinary system" as to merit our rejecting the recommended disbarment, I have two responses. The first I have already made: if the claim is that the Board violated Bar Rules in recommending the sanction it did, that might be true,[2] but it is of no import. Respondent has not availed himself of the

---

[2] My dissenting colleague, and the Board's dissenters, make a persuasive case that it did. I do not mean to express any contrary view. I join Judge Glickman's opinion only with that caveat: to the extent his opinion suggests the Board was right to dispose of Rule XI § 12(a)'s requirements because they are not "important in the unusual circumstances of this case," or are "unnecessary," I disagree. But I understand him to use those descriptors only in the sense that those requirements are not so important as to justify rejecting the recommended sanction here. With that I

one fundamental safeguard that can protect him from such a violation: taking exception to the Board's recommended sanction. By failing to do that, the recommendation's compliance with the Bar Rules is automatic under § 9(h)(2).

Second, if the dissent is invoking some greater sense of injustice at respondent's disbarment, I do not share that sense. The D.C. Bar is a professional organization and its members hold a position of public trust. *See generally In re Dortch*, 860 A.2d 346, 355, 363 (D.C. 2004). When one of those members cannot be bothered to respond to charges of serious misconduct—or, as here, affirmatively requests disbarment in response—he has been afforded an excess of process when Disciplinary Counsel nonetheless presents those charges and proves them to the Hearing Committee's satisfaction by clear and convincing evidence, as happened here. Perhaps the Bar Rules entitled him to an even greater excess of process, but if so then we can afford him relief only if he asks for it. He did the opposite here, when more than three years ago he insisted that we not "kill trees" or "waste taxpayer resources" on him. We should have been quicker to abide.

---

agree, and I would go further that no mere violation of the Bar Rules could ever provide a basis for rejecting an unobjected-to sanction.

RUIZ, *Senior Judge*, dissenting:  Because it is clear that the requirements for a disbarment by consent have not been met, D.C. Bar R. XI, § 12, and the court does not have a report and recommendation from the Board on Professional Responsibility based on a substantive review of the evidentiary record and findings of the Hearing Committee concluding that respondent committed the charged Court of the Rules of Professional Responsibility, D.C. Bar R. XI, §§ 9(b), (d), (h)(1), I dissent from the order of disbarment.  Instead, I would suspend respondent and remand the case to the Board to conduct the usual substantive review of the Hearing Committee record and make a recommendation to the court on the substantive charges and evidence presented by Disciplinary Counsel.

*First*, this is not a disbarment by consent.  D.C. Bar Rule XI, § 12 sets forth the sole method available to attorneys who choose to be disbarred by consent rather than proceed with a pending disciplinary proceeding.  Subsection (a) specifies that "[a]n attorney who is the subject of an investigation or a pending proceeding based on allegations of misconduct may consent to disbarment, *but only by delivering to Disciplinary Counsel an affidavit declaring the attorney's consent to disbarment . . . .*"  D.C. Bar R. XI, § 12(a) (emphasis added).  There are specific requirements for the contents of the affidavit and it is undisputed that respondent has failed to submit such an affidavit.

Further, even if we were willing to overlook the plain language of subsection (a) providing that its procedure constitutes the "only" means available for consent disbarment, as the dissenting Board members correctly note, respondent's emails cannot be construed to be the functional equivalent of the required affidavit. At most, respondent's emails can be read to minimally satisfy the requirements of D.C. Bar Rule XI, § 12(a) that his statement was given freely and voluntarily and that he is aware that there is a disciplinary proceeding against him. *See* D.C. Bar R. XI, §§12(a)(1)-(2). However, respondent's emails do not indicate that he is "fully aware of the implication of consenting to disbarment" or that he is "aware of the nature of the proceedings pending against him." *Id.* Most importantly, he has not "acknowledged that 'the material facts upon which the allegations of misconduct are predicated are true,'" or that he is "consenting to disbarment because he 'knows that. . . . [he] could not successfully defend against' the alleged misconduct."[1] Such omissions are not "technical or trivial." *See In re White*, 605 A.2d 47, 48 (D.C. 1992) (explaining that the Board rejected a consent disbarment affidavit when the attorney failed to set forth and acknowledge all charges against him). It should be

---

[1] To the contrary, the language of the emails imply that respondent is not asking to be disbarred because he acknowledges that the allegations are true and he cannot successfully defend against them, but because he rejects the process based on his belief that he is being unfairly targeted in a sham investigation by the "dishonest" and "racist" attorneys at the Office of Disciplinary Counsel.

noted that Disciplinary Counsel disagreed with the Board's proposed course to disbar respondent solely on the basis of the email and failure to respond to the show cause order, and argued that the Board should decide on the merits of the charges, based on the case presented to the Hearing Committee.[2]

Similarly, the Board erred in construing respondent's failure to respond to its July 17 show cause order as consent to disbarment under D.C. Bar Rule XI, § 12(a). The show cause order "set out the conditions under which respondent may consent to disbarment, including the statements that must be contained in the required affidavit pursuant to D.C. Bar R[ule] XI, § 12(a). . . ." The Board reasoned that by not furnishing the affidavit, respondent indicated that he did not wish to avail himself of procedural protections that D.C. Bar Rule XI, § 12 provides and thus it

---

[2] Disciplinary Counsel expressed reservations about the Board's course of action, warning of two consequences of proceeding to disbar by consent based on the emails without a finding or admission of wrongdoing: (1) that the charges would be deemed "unadjudicated misconduct" pursuant to Board Rule 9.8, which would place an evidentiary burden on Disciplinary Counsel who would have to present its case again if respondent sought reinstatement and disputed the violations; and (2) that respondent might not be subject to reciprocal discipline in the U.S. District Court for the District of Columbia and the U.S. Court of Appeals for the District of Columbia. The District Court had referred one of the matters underlying the charges to Disciplinary Counsel and both courts had requested updates on respondent's disciplinary case.

"conclude[d] that his response is the functional equivalent of meeting the requirements of Rule XI, § 12."

As a matter of logic, however, this reasoning is less than compelling as it is equally reasonable to infer that once advised of the requirements for a disbarment by consent, notice that his email did not satisfy those requirements, and Disciplinary Counsel's objection to the Board's proposal to bypass a merits review of the Hearing Committee record, respondent elected not to go that route. Rather than signifying respondent's rejection of the protections of § 12, his failure to respond to the show cause order could be viewed as signifying the opposite; that having been alerted that he had the benefit of those protections, he sought to preserve them.[3]

In addition to its illogic, the Board's inference that by remaining silent in the face of the show cause order respondent intended to waive the protections of § 12

---

[3] The show cause order stated that respondent's email did not comply with the requirements for disbarment by consent under § 12 and asked respondent to show cause why the Board should not "deem him to have complied" and recommend to the court that he be disbarred by consent without further consideration of the proceedings.

Disciplinary Counsel agreed that disbarment was called for but objected to its being based solely on the email and show cause order, arguing that the Board also needed to review and make a recommendation based on the findings of the Hearing Committee.

sits uneasily with the Board's rejection of Disciplinary Counsel's request that the Board adopt a waiver doctrine that would allow it to follow the Hearing Committee's recommendation without substantive review when the respondent has not presented argument to the Committee or exceptions to its Report. The Board was appropriately squeamish about foregoing a substantive review without guidance from the court in light of the clear language of the Rules which provide that the Board "shall decide the matter on the basis of the Hearing Committee record" and "after reviewing the Hearing Committee record." D.C. Bar R. XI, §§ 9(b)-(c).[4] As the Board commented in its Report, it cannot evaluate whether substantial evidence supports the Hearing Committee's findings "without actually reviewing the record," nor can it decide whether to endorse the Committee's recommended sanction to the court without the "fact-intensive 'comparability analysis'" necessary to ward against imposition of a sanction that "fosters a tendency toward inconsistent dispositions for comparable conduct or [that may] otherwise be unwarranted," as required by § 9(h). Yet that appropriate regard for the Rules went out the window when the Board decided, instead, to recommend a disbarment by consent that does not comply with the requirements clearly prescribed in § 12(a), based on its own new waiver theory.

---

[4] In this case, Disciplinary Counsel filed an exception to the three-year suspension (with a showing of fitness required for reinstatement) recommended by the Hearing Committee, and argued for disbarment instead.

*Second*, the Board's refusal to conduct a review of the Hearing Committee record violated the Rules and deprives this court of a substantive report that would form the basis for discipline on the merits of the serious charges that were filed against respondent. The court generally affords deference to the Board's report and recommendation, but this deference is predicated upon the Board's review of the Hearing Committee's report and recommendation:

> We must accept the findings of fact made by the Board unless they are unsupported by substantial evidence of [the] record, and shall adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or otherwise would be unwarranted. In a similar fashion, the Board is obliged to accept the hearing committee's factual findings if those findings are supported by substantial evidence in the record, viewed as a whole. Moreover, the Board 'must defer to . . . [the] credibility determinations[ ] made by the [Board's] fact-finding body (the hearing committee).

*In re Elgin*, 918 A.2d 362, 373 (D.C. 2007) (internal citations and quotations omitted); *see also* D.C. Bar R. XI, § 9(h)(1) ("In determining the appropriate order, the Court shall accept the findings of fact made by the Board unless they are unsupported by substantial evidence of record.").

As the Board recognizes, D.C. Bar Rule XI, § 9(b) requires that its decision be based upon an actual review of the Hearing Committee's record. Further,

"[p]ursuant to D.C. Bar R[ule] XI, §§ 9(c)-(d), the Board is required to review the Hearing Committee record and prepare a report of its findings and recommendation, which is then filed with the Court." *See also* D.C. Bar R. XI, § 4(e)(7) (The Board has the "power and duty . . . [t]o review the findings and recommendations of Hearing Committees submitted to the Board, and to prepare and forward its own findings and recommendations, together with the record of proceedings before the Hearing Committee and the Board, to the Court."). In this case, the Office of Disciplinary Counsel presented its case to the Hearing Committee which in turn considered the evidence and wrote an extensive 252 page report. The Board cannot bypass what the Rules require by devising, after the fact, a non-compliant consent disbarment that was never presented to or by Disciplinary Counsel. *See* D.C. Bar R. XI, §§ 12(a)-(b).

*Third*, the majority relies on § 9(h)(2) which allows the court to impose the discipline recommended by the Board where the respondent has filed no exception to the Board's report with the court. As Judge Glickman's opinion for the court recognizes, however, that is not a wide open dispensation and it may not be invoked to impose discipline in a manner that is clearly against the law or the public interest.[5]

---

[5] In his concurring opinion, Judge Deahl interprets Rule XI, § 9(h)(2) as requiring the court to "enter an order imposing the discipline recommended by the Board" when no exceptions are filed to the Board's report even if: (1) the Board's

This proceeding has strayed so far from clear mandates in the Rules that are fundamental safeguards of the disciplinary system that reliance on the respondent's failure to file an exception with the court is not a sound basis for the imposition of the ultimate professional sanction of disbarment, without completing the substantive process that Disciplinary Counsel initiated. The Board decided not to review the Hearing Committee's findings because "we see nothing to be gained by an exhaustive march through those procedures" because respondent indicated that he wishes to be disbarred and did not participate in the disciplinary proceeding. The Board cites no authority for its decision to deviate from the requirements of D.C. Bar Rule XI, §§ 9(b)-(d) because there is none. If the Board wishes to have that

report does not meet the requirements of Rule XI, §§ 4(e)(7), 9(b)-(d); (2) the Board's findings and recommendation are unsupported by substantial evidence; and (3) the Board's recommended disposition "would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." D.C. Bar R. XI, § 9(h)(1). Under this absolutist view noncompliance with the Rules is a "mere violation" that should not stand in the way of this disbarment. *See ante*. My concurring colleague also considers that following what our Rules require is an "excess of process." But D.C. Bar Rule XI, § 9(h)(2) is not a stand-alone "override-switch." It is one part of the Rules that must be read in context. *See Lucas v. United States*, 240 A.3d 328, 335 (D.C. 2020) ("The words of a statute must be read in light of the statute taken as a whole and are to be given a sensible construction, one that would not work an obvious injustice.") (internal quotation marks and citation omitted). "Ultimately, it is this court's weighty responsibility to impose an appropriate disciplinary sanction on a member of our Bar." *In re Howes*, 52 A.3d 1, 13 (D.C. 2012). Reading D.C. Bar Rule XI, § 9(h)(2) to bind the court to the Board's recommendation regardless of its soundness and adherence to mandated procedures is an abdication of this court's responsibility as the ultimate guarantor of the disciplinary process.

option, it may propose a change in the Rules that is subjected to the usual vetting process. In sum, our Rules simply do not allow what the majority has sanctioned. A lawyer's nonparticipation does not give the Board license to disregard its obligations to the court.

*Fourth*, I share the Board's and my colleagues' evident frustration with a respondent who has thumbed his nose at the disciplinary system. But the proper response is not to let pique lead to abandoning well-established norms but rather to follow those norms in the usual course. It is the reasoned, sober answer to an accusation that the system is unfair and biased. Moreover, there is no imperative to abandon such norms as the disciplinary system is not without a means to defend itself and the public from respondent's nonparticipation.

If the Board did not wish to take the time to review the Hearing Committee report and make a recommendation to the court on the merits of the case presented by Disciplinary Counsel, it had an alternative measure provided in the Rules that is designed to protect the public. D.C. Bar Rule XI, § 3(c) allows the Board to petition the court for a temporary suspension of an attorney who has failed to respond to an order of the Board in cases where Disciplinary Counsel's investigation involves allegations of serious misconduct. This is such a case. The suspension is dissolved

when "(1) Disciplinary Counsel notifies the [c]ourt that the attorney has responded to an order or (2) the [c]ourt determines that an adequate response has been filed by the attorney." D.C. Bar R. XI, § 3(d). If respondent still chose to not respond in the disciplinary proceeding, his suspension would be indefinite —— protecting the public from his further practice in this jurisdiction. Indeed, respondent is already under suspension for this very reason by order dated November 7, 2018, in case No. 18-BS-966. And on October 10, 2019, the court issued an order to show cause why he should not be suspended pending the court's final action in this case, which respondent did not answer. D.C. Bar R. XI, § 9(g). These suspensions serve to protect the public until respondent engages with the proceedings or the Board completes its substantive review and recommendation on the charges of professional misconduct.

For these reasons I would not issue an order of disbarment by consent but would enter an order of temporary suspension pursuant to our show cause order and remand the case to the Board for consideration of the Hearing Committee report and record.